UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

JENNIFER FRANCIS,

Defendant.

12-CR-680

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

Jennifer Francis pled guilty to Count Two of a four Count indictment. It charged her with importing cocaine into the United States. *See* 21 U.S.C. §§ 952(a), 960 (a)(1) and (b)(2)(B), and 18 U.S.C. §§ 2 and 3551. The remaining three Counts were dismissed.

Defendant traveled to Trinidad in September of 2012 and returned to New York on a commercial flight in October 2012. A routine customs search of defendant's suitcase at John F. Kennedy International Airport revealed that she was transporting cocaine disguised in lotion bottles.

Francis was sentenced on September 18, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is fifteen and defendant's criminal history is category I. The Guidelines range of imprisonment is between eighteen and twenty-four months, and the fine range is $4,000 to $1,000,000. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5E1.2(c)(3) and (c)(4) (Nov. 2012). The calculation of the total offense level included a two point "safety valve" reduction and a three-point adjustment for defendant's acceptance of responsibility. Defendant's offense level was reduced an additional four levels pursuant to the government's recommendation for retroactive application of the newly adopted early disposition program for couriers. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5K3.1 (Nov. 2012).

The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. *See* 21 U.S.C. § 960(b)(3). The offense to which the defendant pled guilty permits probation for a term of not less than one year or greater than five years. *See* 21 U.S.C.

§ 960(b)(3) and 18 U.S.C. § 3561(a), (c)(1). The Guidelines advise against probation. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5B1.1, comment. (n.2) (Nov. 2012).

Francis was sentenced to five years of probation. Ordered was the continued psychiatric treatment for depression and anxiety as part of probation. Should the defendant's conduct warrant, an application may be made to reduce the term of probation.

A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that she will have any in the near future, to pay a fine.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Francis imported cocaine into the United States. This a serious, but aberrant, offense. Francis has no prior convictions. Her role was limited to that of a courier.

Defendant, now forty-two years old, has suffered from depression and anxiety since her teenage years. She grew up with limited family support and without a father figure. In recent years, her mental infirmity caused her to be repeatedly hospitalized and medicated.

Defendant has two children aged seven and twenty-two. Her twenty-two year old daughter is well adjusted, seeking a nursing license. Joint custody of the seven year old son is held with the child's father. Defendant drops the child off at school each day and picks him up in the afternoon, and she has a continuing positive relationship with the boy.

Despite her intelligence and diligence, defendant has had a difficult time holding a job because of psychiatric problems. She is currently living in a homeless shelter while she seeks employment and receives psychiatric treatment.

Defendant's psychiatric problems are critical. Incarceration would prevent any recovery in the future. Her personality is too brittle to chance the disabling effects of incarceration.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse. It is unlikely that she will engage in further criminal activity.

Jack B. Weinstein
Senior United States District Judge

Dated: September 19, 2013
Brooklyn, New York